# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**VERSACE ALAN SCOTT**                                                                               **PLAINTIFF**

**v.**                                               **CIVIL ACTION NO. 3:23-CV-P651-JHM**

**FBI LOUISVILLE KY HEADQUARTERS**                        **DEFENDANT**

### MEMORANDUM OPINION

This is a *pro se* prisoner civil-rights action brought under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the action will be dismissed.

### I.

Plaintiff Versace Alan Scott brings this action against "FBI Louisville KY headquarters." Plaintiff makes the following allegations in the complaint:

> I contacted the FBI headquarters who I already had a open case with since October 13th 2022 when the Drug Task Force in Logan County Ky tried to kill me the first time and they hijacked my brain which is still hijacked by the Drug Task Force that are on the run and fugitives from the FBI. I've also contacted the FBI in Louisville Ky second time the Drug Task Force tried to kill on August 19th 2023. They kidnapped me brought me to jail where I'm still at and tried to cut my throat and sliced my wrist to the bone 7 times where I received zero medical treatment and I wrote the FBI told them after kidnapping me and bringing me to jail on fake charges I wanted to be released and put into protective custody and they have left me in danger and I've been here 4 months when I wrote FBI told them 2 of the Drug Task Force detectives are pychopaths and have a bluetooth listen device in my left ear where the use to speak into my ear and wear brain wave caps to hear my thoughts and hijack my memory. I have been mental abused by the 2 pyscopaths 14 months now where the place child porn images into my mind and threaten my family lives every day as retallination for reporting them to FBI. I need court order to remove the device from my ear and released from jail on all fake charges.

As relief, Plaintiff seeks compensatory and punitive damages and "release from jail now and remove device."

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 608. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see*

*also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

### III.

A *Bivens* claim is a judicially created counterpart to a 42 U.S.C. § 1983 civil-rights action and is properly brought only against federal officials in their individual capacities and cannot be brought against the United States or a federal agency. *Bivens*, 403 U.S. at 390-97; *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself."). Therefore, Plaintiff cannot bring a claim against the FBI, and the complaint must be dismissed for failure to state a claim upon which relief may be granted.

Furthermore, "[n]umerous cases have rejected as delusional or fantastic claims by prisoners that transmitters, microchips, tracking devices, or other devices have been implanted inside of a prisoner's body or brain to monitor or control his thoughts or activities." *Henry v. Pozios*, No. 2:23-CV-10788, 2023 U.S. Dist. LEXIS 76345, at *8-9 (E.D. Mich. May 2, 2023) (citing, among others, *Manco v. Does*, 363 F. App'x 572, 575 (10th Cir. 2010) (district court did not abuse its discretion when it held that inmate's claims related to tracking device that prison officials had allegedly implanted in his body to track his movements and thoughts were frivolous, where there was no evidence to support inmate's theory that numerous state officials monitored his thoughts and sent him inaudible, profane messages); *Abascal v. Jarkos*, 357 F. App'x 388, 390 (2d Cir.

3

2009) (dismissing as fantastic or delusional claim that prison doctors and officials were deliberately indifferent in using equipment to control plaintiff's thoughts and behavior and remotely inflict pain)). The Court also concludes that this action must be dismissed as frivolous because Plaintiff's claim that law enforcement officials placed a listening device in his ear to speak to him and hear his thoughts is fantastic or delusional.

### IV.

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: May 11, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.010